# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: Diana Holland,<br><br>Debtor. | Bankruptcy No. 05-58959<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes back before the Court on remand from the United States District Court for the Northern District of Illinois, which reversed this Court's August 10, 2006 order sustaining the trustee's objection to the debtor's exemption of certain Florida real estate under 11 U.S.C. § 522(b)(3)(B).

## JURISDICTIONAL STATEMENT

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PROCEDURAL BACKGROUND

The Debtor, Diana Holland, filed a Chapter 7 petition on October 15, 2005. At issue in this matter is a 120 X 100 foot lot of real estate in Florida that the Debtor listed as exempted property. In listing the exemption in Schedule C of her petition, the Debtor listed as the law providing such exemption the homestead exemption of the Illinois exemption statute, portions of the Illinois Joint Tenancy Act and other Illinois statutes relating to tenancies in the entireties, 11 U.S.C. § 522(b)(2)(B) (which has since been renumbered as 522(b)(3)(B)) and the Florida case In re Monzon, 214 B.R. 38 (Bankr. S.D. Fla. 1997). The trustee objected to the exemption, arguing that the real property listed would not fall within the Illinois homestead exemption

provision because the property was never occupied or used by the Debtor as a residence, see 735 Ill. Comp. Stat. 5/12-901 (2009), and that the Debtor's interest in the property would not qualify as a tenancy in the entireties under Illinois law because it was not "maintained or intended for maintenance as a homestead by both husband and wife together during coverture." See 765 Ill. Comp. Stat. 1005/1c (2009); 750 Ill. Comp. Stat. 65/22 (2009). This Court issued an order denying the claimed exemption on August 10, 2006. On appeal, the U.S. District Court for the Northern District of Illinois held that, even though the Debtor's domicile state was Illinois, under 11 U.S.C. § 522(b)(3)(B) the applicable law with respect to the exemption for tenancies in the entireties should have been Florida law, the situs of the property. Holland v. Safanda (In re Holland), 366 B.R. 825, 830 (N.D. Ill. 2007). The district court held that "the reference to 'applicable nonbankruptcy law' as used in section 522(b)(3)(B) does not mean exemption law of the debtor's domicile." Id. at 829. Rather, general choice of law principles apply, and whether using the choice of law principles of Illinois or Florida or using federal choice of law principles, Florida, as the situs of real property, is the "applicable nonbankruptcy law" for this issue in this case. Id. at 830.

## TENANCY IN THE ENTIRETIES UNDER FLORIDA LAW.

In Florida, tenancy by the entireties is a creature of common law. See, e.g., In re Cauley, 374 B.R. 311, 316 (Bankr. M.D. Fla. 2007). The Florida Supreme Court has stated that property held as a tenancy by the entireties has six characteristics: "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)." Beal Bank,

SSB v. Almand & Assocs., 780 So. 2d 45, 52 (Fla. 2001). There is no requirement under Florida law that the property owners live on the land and, in fact, under Florida law personal property as well as real property can be held as a tenancy in the entireties. Beal, 780 So. 2d at 53. Nor is there any requirement that the property owner must be a resident of Florida. See In re Cauley, 374 B.R. at 316. Moreover, under Florida law, where real property is owned by both a husband and a wife, "the ownership in the name of both spouses vests title in them as tenants by the entireties." Beal, 780 So. 2d at 54. Thus, in the absence of "express language showing a contrary intent," there is a presumption that a conveyance to a husband and wife was intended to be held as a tenancy in the entireties. Beal, 780 So. 2d at 54-55. The Trustee has offered no evidence or allegations that would overcome this presumption. In the Debtor's Opposition to the Trustee's Objection to Exemption, filed on March 21, 2006, the Debtor stated that she purchased the property while married, one portion of the property on October 26, 1994, under a warranty deed "to 'Kevin Wayne Holland and Diana Marie Holland, his wife,'" and the other portion on January 19, 1995, under a warranty deed "to 'Kevin W. Holland and Diana M. Holland, his wife,'" that she has continually been married to her husband during the time of ownership, and that she and her husband have continually owned the property since the time of purchase. (Opp'n, pgs. 1-3). The Debtor attached copies of the two warranty deeds to her Opposition. The deeds, on their face, would indicate unities of interest, title and time, and the Debtor's uncontested statements in her pleadings indicate unities of possession and marriage, Id. Since there is a presumption that the deed to husband and wife intended the transfer to form a tenancy in the entireties, there is a presumption that the interest included a right of survivorship. See, e.g., Beal, 780 So. 2d at 54 (citing First Nat'l Bank of Leesburg v. Hector Supply Co, 254 So. 2d 777, 780 (Fla. 1971)). The Trustee has not contested these facts, by for example alleging that the

couple were not married at the time of acquisition, or alleged any fraud in connection with the transfer, and thus the Court must find that the Debtor and her husband held the property as tenants in the entireties under Florida law.

### 11 U.S.C. § 522(B)(3)(B)

Section 522(b)(3)(B) exempts "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B) (2009).1  This exemption for tenancies in the entireties is in addition to, not a subset of, the state exemptions provided by 11 U.S.C. § 522(b)(3)(A). See In re Holland, 366 B.R. 825, 829 (N.D. Ill. 2007). As the Seventh Circuit Court of Appeals has stated, "'[E]xempt from process' should not be read to refer to state statutory exemptions, because such exemptions are already accounted for in section 522(b)(2)(A). Rather, 'exempt from process' as used in section 522(b)(2)(B) should be read to refer to the immunity from process by individual creditors that state common law may grant to entirety property." In re Hunter, 970 F.2d 299, 307 (7th Cir. 1992) (quoting Napotnik v. Equibank & Parkvale Sav. Assoc., 679 F.2d 316, 318-19 (3d Cir. 1982)). Therefore, the 'exemption' from process need not appear in a state's 'exemption statute,' nor need it appear in a statute at all; nor must the statute or case law use the specific word "exempt." The Florida Supreme Court has stated that property held as a tenancy by the entireties "is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse." Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45, 53 (Fla. 2001). It is therefore clear from Florida case law that, at least with respect to creditors who are not joint

---

1 While section 522(b)(2) allows states to 'opt-out' of allowing debtors to use federal exemptions, this provision only affects the federal exemptions provided in section 522(d), and not the tenancy in the entireties exemption provided in section 522(b)(3)(B). 11 U.S.C. § 522(b)(2) (2009).

creditors of the husband and wife, Florida's common law concept of tenancy in the entireties fits within the exemption provided by 11 U.S.C. § 522(b)(3)(B). A number of bankruptcy courts have granted exemptions under 11 U.S.C. § 522(b)(3)(B) for Florida property held as a tenancy in the entireties, holding that, at least where there are no joint creditors of a debtor and his or her spouse, and where the debtor and his or her spouse have not filed a joint bankruptcy petition, property held as a tenancy in the entireties under Florida law can be exempted under 11 U.S.C. § 522(b)(3)(B). See, e.g., In re Cauley, 374 B.R. 311, 316 (Bankr. M.D. Fla. 2007); In re Caliri, 347 B.R. 788 (Bankr. M.D. Fla. 2006); In re Daniels, 309 B.R. 54 (Bankr. M.D. Fla. 2004); In re Monzon, 214 B.R. 38 (Bankr. S.D. Fla. 1997). In Schedule H of her petition, the Debtor stated that she had no co-debtors, and the Trustee has not alleged that there were any joint creditors of the Debtor and her husband. Therefore, the Court holds that the Florida property is exempt under 11 U.S.C. § 522(b)(3)(B).

## CONCLUSION

For the foregoing reasons, the Court overrules Trustee's objection to exemption.

THEREFORE, IT IS ORDERED that the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: September 3, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge